(59 App. Div. 533.)

### EVERSON v. HEFFERNAN.

(Supreme Court, Appellate Division, Fourth Department. March 19, 1901.)

LANDLORD AND TENANT—LEASE—REPAIRS—MODIFICATION.

Pending the assignment to him of a lease of a mill, which provided that the lessee should make all necessary repairs at his own expense, defendant went to the party in charge of the office of plaintiff's agent, and said that he would purchase the lease if the plaintiff would make certain repairs. Such person wrote the agent that defendant had bought out the first tenant, and desired to repair the office of the mill, and build a paint room on top. The agent replied that defendant could make such repairs as he thought necessary, and he would be liberal in settlement with him. Defendant thereupon purchased the lease, took possession, and made repairs costing several hundred dollars, none of which was for a paint room, and but a small amount for office repairs. *Held*, that the letters did not make plaintiff liable for the repairs made.

Appeal from Onondaga county court.

Action by Alice M. Everson against Timothy Heffernan. From a judgment affirming a judgment of the municipal court in favor of defendant, plaintiff appeals. Reversed.

This action was begun on the 16th day of February, 1900, in the municipal court of the city of Syracuse, N. Y., to recover five months' rent ($250) for premises in the city of Syracuse, N. Y., owned by the plaintiff, and used as a mill, which rent was then due and payable according to the terms of a lease bearing date August 15, 1898, made and executed by the plaintiff, and delivered to one Barney Sugarman, who went into possession thereunder, and occupied the premises until February 23, 1899, at which time, by an instrument in writing, Sugarman assigned said lease to the defendant, he (the defendant) agreeing to pay the rent which should thereafter become due as provided in said lease. The defendant went into possession of the premises under said assignment, and has since continuously occupied the same. The term of said lease was 10 years, and it provided that the lessee should, "at

his own cost and expense, make any necessary repairs to said building during said term." It also provided that the lessee "may terminate the said letting and this lease, if he so choose, at the end of any year of said term, provided he give said lessor, or her agent, Thomas Molloy, three months' previous notice of his intention so to do." The defendant interposed the defense, in substance, that at the time he was negotiating for the purchase of the lease from Sugarman he made an oral agreement with the plaintiff, through her agent, one Thomas Molloy, by which said lease was modified and changed so as to authorize the defendant to make such necessary repairs upon said premises as he might deem proper during the term of said lease, and to charge the cost thereof to the plaintiff, or offset the same against any rent which might become due by the terms of said lease, and that under said parol agreement he did make repairs upon said premises before the commencement of this action, the cost of which exceeded or equaled the amount of rent which was then due by the terms of the lease, and that, therefore, the defendant was not indebted to the plaintiff in any sum whatever. These issues were tried, and it was found by the municipal court that the original lease was thus modified; that the defendant had made repairs upon the premises, the cost of which was at least $250, the amount of rent for five months specified in the lease, and that the defendant was entitled to offset the cost of such repairs against the plaintiff's claim against him for such rent; and judgment was directed for the defendant for the costs of the action. The plaintiff appealed from such judgment to the county court, where the judgment of the municipal court was affirmed, and from such judgment of affirmance this appeal is taken.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Andrew S. White, for appellant.
Thomas Hogan, for respondent.

McLENNAN, J. The evidence tended to show that while the defendant was negotiating with Sugarman for the purchase of his lease he called at the office of the plaintiff's agent, and stated, in substance, to a Mr. Johnson, who was there in charge, that he contemplated purchasing the lease in question, and that he would purchase the same from Sugarman if the plaintiff would make certain repairs (which were not specified) upon the buildings; that he was informed that he (Johnson) could do nothing about the matter, but would inform plaintiff's agent of the defendant's desire. Thereupon Johnson wrote to plaintiff's agent a letter, as follows, viz.:

"January 30th, 1899.

"Thomas Molloy, Big Moose, N. Y.: Nothing special to write about, unless it is that your tenant Sugarman has sold out to T. Heffernan, builder, to take effect February 15th. Heffernan called to see you about making some repairs to office, and he wants to build a paint room on top. I told him he would have to get along the best way he could until your return.

"[Signed] P. J. Johnson."

On the 2d day of February plaintiff's agent, Molloy, wrote Johnson, as follows, viz.:

"February 2d, 1899.

"P. J. Johnson: Heffernan can make such necessary repairs and such other repairs as he thinks necessary, and I will be liberal in settlement with him. I will help a good tenant all I can.

"[Signed] Thomas Molloy."

Soon after the receipt of this letter, Johnson showed it to the defendant, and thereupon he completed his negotiations with Sugar-

man, purchased the lease in question, entered into possession of the leased premises, made the repairs which constitute his counterclaim, and all, as he testified, relying upon said letter of February 2d, written by the plaintiff's agent, and shown to him by Johnson.

The important question to be determined is whether or not the two letters above quoted were sufficient to constitute a modification of the original lease. Concededly, no other negotiations were had between the plaintiff or her agent and the defendant prior to the purchase of the lease by the defendant from Sugarman. In writing the letter to plaintiff's agent, Johnson in no manner represented the plaintiff or her agent. It will be observed that Molloy was informed by Johnson that the defendant had already bought out Sugarman; and, if so, he had become legally obligated to pay the rent as specified in the lease, and so there was no consideration for plaintiff's agreement to repair, even if we assume that Molloy's letter was susceptible of such interpretation. Molloy was also informed that the defendant desired to build a paint room on top of the building, and make some repairs to the office. The defendant cannot complain that Johnson did not correctly inform Molloy of the condition of the negotiations between him and Sugarman. If what the defendant stated to Johnson was incorrectly repeated to Molloy, it is the defendant's misfortune, and can in no manner affect the plaintiff's rights. The repairs made by the defendant, the cost of which he seeks to recover in this action, did not include the building of a paint room, and only a very small portion of the cost was for repairs to the office. They were of a character entirely different from those indicated in the letter of Johnson to Molloy. Plaintiff's agent not having been correctly informed as to the state of the negotiations between Sugarman and the defendant, or in regard to the repairs which were desired by the defendant, his promise, based upon such information, if made, was not binding upon the plaintiff. It is quite possible, if the defendant had built a paint room, the plaintiff would have been willing to pay the cost of repairing the office. Nothing of the kind was done or contemplated by the defendant. It is apparent that the minds of the parties did not meet, and no binding agreement was made. We think the letters, which constituted the entire negotiation between the parties, considering all the circumstances, are not susceptible of the interpretation contended for by the defendant. As we have seen, the lease was for a term of ten years. It had more than eight years to run after its purchase by the defendant. If his contention is correct, and the holding of the lower court is sustained, the defendant will be at liberty, each year during the entire term, to expend in repairs a sum in excess of the stipulated rent, provided only he shall think such repairs reasonably necessary, and thus be at liberty to deprive the plaintiff of all income from the leased premises. Again, the defendant may terminate the lease by giving notice of his intention so to do three months before the expiration of any year. In the agreement contended for there is no limit to the amount of expenditure which the defendant may make for repairs. There is nothing to indicate their character,—whether they shall be such as would add to the value of the property, or make it more suitable for general use,

or such only as would serve the convenience of the defendant. Such repairs having been made by the defendant, whatever their cost, if his contention is correct, he would be at liberty to abandon the premises and call upon the plaintiff to reimburse him. The conclusion is reached that the interpretation placed upon the two letters in question by the court below is erroneous; that they did not in any manner change or modify the assigned lease, or affect the legal rights of the parties; that the letter of Molloy to Johnson, which was shown to the defendant, imposed no legal obligation upon the plaintiff to reimburse the defendant for the cost of any repairs which he might make; that by such letter it was only intended to promise that, if the repairs specified in the letter to Molloy were made, the plaintiff would be liberal in making settlement. Such is the language of the letter, and its meaning ought not to be enlarged, especially in view of the fact that it is sought to charge the plaintiff for repairs made during a period of five months a sum in excess of the stipulated rent for such period. We think no such agreement was intended by the parties, that no such agreement was in fact made by the letters put in evidence, and which alone must be relied upon by the defendant.

Several of the objections and exceptions to the admission of evidence present such error as to require a reversal of the judgment, but, as we are of the opinion that the two letters, which constitute the sole negotiation between the parties, are not sufficient to change or modify the original lease, or in any manner affect the rights of the parties, we deem it unnecessary to discuss such exceptions. It follows that the judgment appealed from should be reversed.

Judgment of the county court and of the municipal court reversed, with costs. All concur; LAUGHLIN, J., in result only.